LONIE JOHNSON V. THE STATE.

No. 9640.   Delivered December 16, 1925.

**Carrying a Pistol—Evidence Held Insufficient.**

Where, on a trial for unlawfully carrying a pistol, the undisputed evidence showed that appellant was found with a pistol unloaded, and wrapped in a newspaper, and was taking the pistol to secure a loan on it, such act does not constitute an unlawful carrying on or about the person, a pistol, and the evidence being insufficient to support the verdict, the judgment is reversed. and the cause remanded. Following Lewis v. State, 104 S. W. 901, and other cases cited.

Appeal from the corporation court of Port Arthur.   Tried below before the Hon. R. G. Robertson, Judge.

Appeal from a conviction of unlawfully carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*J. E. Rose* and *B. C. Johnson,* of Port Arthur, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the corporation court in the city of Port Arthur of unlawfully carrying a pistol, and his punishment assessed at a $100.00 fine.

The appellant attacks the validity of said corporation court in various ways, contending that the Act of the Legislature creating said court was unconstitutional and in contravention of

the Constitution of this State in many particulars; but upon examination of the record we have decided it is unnecessary to pass on this question at this time.

The appellant insists that the evidence is insufficient to support the verdict. In this we think he is correct. The State only introduced the witness Robison, who testified to having met the appellant on the date alleged in the information, and that he had the pistol in his hand, wrapped up in a newspaper, unloaded, and the appellant told him he was taking it to Clarence Butler's to get $2.00 advanced on it, and that he, the witness, stated to appellant that he needed a pistol and if it was a good one he would let him have the $2.00 on it, and that he examined the pistol and told him that he would advance the $2.00 on it, but that the appellant would have to go with him to his house to get the money, and that they went to the witness' house. When they arrived the witness' wife had gone and left the door locked, and the witness and the appellant were sitting in the swing awaiting her return, when the officers came and searched the witness, who then had the pistol on him, and upon their finding the pistol, the witness informed them about meeting the appellant on the street, the conversation with him, and that they had come home for the purpose of getting the money.

The appellant took the stand on his own behalf and testified that at the time the State's witness saw him with the pistol on the street, that he had just brought the pistol from his room, a short distance away, and was on his way to Clarence Butler's place of business for the purpose of borrowing $2.00 on said pistol with which to pay for his laundry, and had just gone one block when he met the witness, and upon being asked by the witness what he had in the paper, replied that he had this pistol, and that said witness told him he needed a pistol, and that he would let him have $2.00 on it, and that he turned said pistol over to the witness, and that they immediately went to the home of the witness to get the money, and when they arrived they found the witness' wife gone and the door locked, and they were sitting on the porch waiting for her return when the officers came, searched the witness and found the pistol, and arrested the appellant a few days later for carrying said pistol. This is all the evidence introduced by the State and the appellant, which uncontradictorily shows that the appellant at the time he carried the pistol, was on the way to pledge it for the purpose of raising some money, and we think is clearly insufficient to sustain a conviction in this case. Lewis v. State,

104 S. W. 901; Gates v. State, 82 Tex. Crim. Rep. 655; Granger v. State, 50 Tex. Crim. Rep. 488.

For the reasons above mentioned we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Judges.