

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

XXXXXXXXXSXXX

ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-2701
Re: Would an old age assistance investiga-
tor who is working for the State Department
of Public Welfare in this State be prohibited
from holding office as a trustee of an in-
dependent school district in this State under
the laws of this State?

Your request for opinion upon the above stated ques-
tion has been received and carefully considered by this depart-
ment.

Article 16, Section 40 of our State Constitution, reads
in part as follows:

"No person shall hold or exercise at the same
time, more than one civil office of emolument...."

Various exceptions, immaterial here, are provided for in this
section.

We quote from 34 Texas Jurisprudence, page 323, as
follows:

"'Office' embraces the ideas of tenure, dura-
tion, emolument and duties. Among the criteria
for determining whether an employment is a public
office are the following: the delegation of a por-
tion of the sovereign functions of the government;
the requirement of an official oath; that the powers
entrusted are conferred by law and not by contract;
and the fixing of the duration or term of office.
It is the duty pertaining to the office and the
nature of that duty, and not the extent of authority
which make the incumbent an officer; and one is
none the less an officer because his authority is
confined to narrow limits. Salary or compensation
is not essential to constitute an employment an
office; it is a mere incident and forms no part of
the office."

Since you did not specify in your letter under what Act the independent school district was created, we shall assume that it was created under the general authority of Chapter 13, Title 49 of the Revised Civil Statutes of Texas, 1925, Article 2775 thereof provides in part as follows:

"In each independent district that shall hereafter be organized, the county judge of the county in which said independent district is situated shall order an election for seven trustees, who shall constitute the school board of such district, and all of whom shall serve without compensation. (Underscoring ours)

It is, therefore, apparent that a member of the Board of Trustees of an independent school district, created under the general law, does not hold an office of emolument within the meaning of Article 16, Section 40, of our State Constitution.

We quote from 34 Texas Jurisprudence, page 349, referring to Article 16, Section 40, as follows:

"The Constitution applies only to offices of emolument. 'Emolument' means a pecuniary profit, gain or advantage; hence the same person may hold two civil offices where no pay, compensation or pecuniary gain attaches to one of them, provided they are not incompatible."

We know of no reason why the duties of a member of the Board of Trustees of an independent school district should be in any manner conflicting or incompatible with the duties of an old age pension investigator of the State Department of Public Welfare of Texas.

We have carefully examined the statutes of this State pertaining to the State Department of Public Welfare of Texas and we find no statute purporting to create an office known as an 'Old Age Pension Investigator." We have been informed by the State Department of Public Welfare that an old age pension investigator is merely an employee of the Department who has no fixed tenure and can be discharged at will by the Department.

We conclude therefore that an old age pension investigator is not an officer but merely holds a position of honor, trust or profit under the State of Texas.

Therefore, Article 16, Section 40, of our State Consti-

tution would not apply to the above situation, inasmuch as an old age pension investigator is not an officer, nor a holder of a civil office of emolument, and a trustee of an independent school district does not hold a civil office of emolument.

Article 16, Section 33, of our State Constitution, reads in part, as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution."

A trustee of an independent school district is a civil officer of the State. See Thomas, et al vs. Abernathy County Line Independent School District, et al, 278 SW 213 (1926).

There can be no doubt that a trustee of an independent school district holds an office of honor and trust within the meaning of Article 16, Section 33, of our State Constitution. See Opinion No. 0-1422 of this department.

Opinion No. 0-1422 of this department holds that a person may legally serve on the board of directors of the Texas College of Arts and Industries, and at the same time serve as a member of the board of trustees of an independent school district; but in doing so he forfeits all right to any compensation to which he might have been entitled as a director of the college, by reason of Article 16, Section 33, of the Texas Constitution.

Opinion No. 0-2528 of this department holds that a person may legally serve as an inspector of the Texas Liquor Control Board, and at the same time serve as a member of the Board of Trustees of an independent school district; but in doing so, he forfeits all right to any compensation to which he might have been entitled as an inspector of the Texas Liquor Control Board, by reason of Article 16, Section 33, of the Texas Constitution.

Limited Conference Opinion No. 0-2607 of this department holds that if a physician employed part time by one institution of the State accepts and holds a similar place or position in another institution at the same time, he cannot receive a salary or compensation for either position during the period of time that both are held. We enclose herewith a

copy of said opinion which contains a comprehensive discussion of the matters involved therein.

In the instant question an old age pension investigator clearly holds a position of profit under the State. Doubtless, it is also a position of honor and trust. We also think he would be "an appointee" under the holding of our Opinion No. 0-2607. And as shown above, a trustee of an independent school district holds an office of honor and trust under this State.

You are therefore respectfully advised that it is the opinion of this department that a person may legally serve as an old age pension investigator under the State Department of Public Welfare of Texas, and at the same time serve as a member of the board of trustees of an independent school district; but in doing so, he forfeits all right to any compensation for such period of time to which he might have been entitled as an old age pension investigator of the State Department of Public Welfare of Texas, by reason of Article 16, Section 33, of our State Constitution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc

APPROVED SEP 13, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman