

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-2528
Re: Can a regularly appointed
inspector for the Texas Liquor
Control Board carrying police
powers serve also as trustee of
an independent school district
in this State?

Your request for opinion upon the above stated question has been received and carefully considered by this department.

Article 16, Section 40 of our State Constitution, reads in part as follows:

"No person shall hold or exercise at the same time, more than one civil office of emolument...."

Various exceptions immaterial here are provided for in this section.

We quote from 34 Texas Jurisprudence, page 323, as follows:

"'Office' embraces the ideas of tenure, duration, emolument and duties. Among the criteria for determining whether an employment is a public office are the following: the delegation of a portion of the sovereign functions of the government; the requirement of an official oath; that the powers entrusted are conferred by law and not by contract; and the fixing of the duration or term of office. It is the duty per-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford, Administrator, Page 2

taining to the office and the nature of that duty, and not the extent of authority which make the incumbent an officer; and one is none the less an officer because his authority is confined to narrow limits. Salary or compensation is not essential to constitute an employment an office; it is a mere incident and forms no part of the office."

Article 666-7b, Vernon's Annotated Texas Penal Code, reads as follows:

"All inspectors and representatives of the Board shall subscribe to the constitutional oath of office which shall be filed in the office of the Board. The Board or Administrator is empowered to commission such number of its inspectors and representatives which it deems necessary to enforce the provisions of this Act. Such commissioned inspectors and representatives shall have all the powers of a peace officer coextensive with the boundaries of this State. Such commissioned inspectors and representatives shall make and execute such bond as may be required by the Board."

The Appropriation Bill for the current biennium for the Texas Liquor Control Board provides for eighty (80) inspectors at $2,100.00 per annum each and for eighteen (18) inspectors at $1,800.00 per annum each. (Special Laws of Texas - Regular Session - 46th Legislature - pages 138-9-40).

Clearly an "Inspector of the Texas Liquor Control Board " holds a civil office of emolument.

Since you did not specify in your letter under what Act the independent school district was created, we shall assume that it was created under the general authority of Chapter 13, Title 49 of the Revised Civil Statutes of Texas, 1925. Article 2775 thereof provides in part as follows:

"In each independent district that shall

Honorable Bert Ford, Administrator, Page 3

hereafter be organized, the county judge of the county in which said independent district is situated shall order an election for seven trustees, who shall constitute the school board of such district, and all of whom shall serve without compensation." (Underscoring ours)

It is, therefore, apparent that a member of the Board of Trustees of an independent school district, created under the general laws, does not hold an office of emolument within the meaning of Article 16, Section 40, of our State Constitution.

We quote from 34 Texas Jurisprudence, page 349, referring to Article 16, Sec. 40, as follows:

"The Constitution applies only to offices of emolument. 'Emolument' means a pecuniary profit, gain or advantage; hence the same person may hold two civil offices where no pay, compensation or pecuniary gain attaches to one of them, provided they are not incompatible."

We know of no reason why the duties of a member of the Board of Trustees of an independent school district should be in any manner conflicting or incompatible with the duties of an Inspector for the Texas Liquor Control Board.

Article 16, Section 33, of our State Constitution, reads in part, as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution."

A trustee of an independent school district is a civil officer of the State. See Thomas, et al vs. Abernathy County Line Independent School District, et al, 278 SW 213 (1926).

Honorable Bert Ford, Administrator, Page 4

There can be no doubt that a trustee of an independent school distrbt holds an office of honor and trust within the meaning of Article 16, Section 33, of our State Constitution. See opinion No. 0-1422 of this department.

Opinion No. 0-1422 of this department holds that a person may legally serve on the Board of Directors of the Texas College of Arts and Industries, and at the same time serve as a member of the board of trustees of an independent school district; but in doing so he forfeits all right to any compensation to which he might have been entitled as a director of the college, by reason of Article 16, Section 33, of the Texas Constitution.

You are therefore respectfully advised that it is the opinion of this department that a person may legally serve as an Inspector of the Texas Liquor Control Board, and at the same time serve as a member of the board of trustees of an independent school district; but in doing so, he forfeits all right to any compensation to which he might have been entitled as an Inspector of the Texas Liquor Control Board, by reason of Article 16, Section 33, of the Texas Constitution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JUL 15, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:AW



APPROVED OPINION COMMITTEE BY CHAIRMAN