

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 25, 1962

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-1364

Re: Whether Section 33 of Article
XVI or any other provision of
the Texas Constitution or
statutes prohibits a Univer-
sity Professor or Lecturer
from receiving their pay from
the University while holding
the position of a trustee of
an independent school district,
and other questions.

Dear Mr. Edgar:

You have requested an opinion from this office upon the
following questions:

"a. Does Section 33, Article XVI or any other
provision of the Texas Constitution or statutes pro-
hibit such a Professor or Lecturer from receiving
their pay from The University of Texas, while hold-
ing an office or position as a member of a Board of
Trustees of an independent school district? That is
to say, the exception as to reserve and retired of-
ficers, does it have application here?

"b. Should the wives continue to serve, is
their term for the unexpired term for which their
husbands were elected, or only until the next regu-
lar trustee election?"

The facts surrounding the questions posed reveal that a
full-time Professor at the University of Texas and a Lecturer in
Business Law at the University of Texas were both elected to serve
as members of the Board of Trustees of an independent school dis-
trict. The question then arose as to whether, pursuant to Article
XVI, Section 33 of the Constitution of Texas, the pay of the Pro-
fessor and Lecturer at the University of Texas would be forfeited
upon their serving as trustees of the independent school district.
This resulted in the Professor and the Lecturer resigning from and
refusing to qualify for the office to which they had been elected.
The Board of Trustees thereupon appointed the wife of the Profes-
sor and the wife of the Lecturer to fill the vacancies on the
Board of Trustees of the independent school district created by

the resignation and/or failure to qualify of the Professor and the Lecturer.  The Professor is an officer of the Retired Reserve of the United States Navy and the Lecturer is a member of the United States Army Reserve.

Section 33 of Article XVI of the Constitution of Texas provides that:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, the Organized Reserve of the United States, nor to re- tired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and re- tired enlisted men of the United States Army, Navy, and Marine Corps."

In the case of <u>Cramer v. Sheppard</u>, 140 Tex. 271, 167 S.W.2d 147 (1943), the Supreme Court of Texas had before it for consideration the provisions of Section 33 of Article XVI of the Constitution of Texas as well as certain other provisions of the Constitution and in its opinion the Court held that:

"We think the people, by the adoption of the amendments, intended to avoid the inhibitions con- tained in the then existing Constitution with re- spect to dual office holding.  This conclusion is inescapable, in our judgment, when we consider the reasons for submitting Sections 33 and 40 to the people for their approval.  In selecting the classes to be favored by the amendments, the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States, among others, were in- cluded.  The inclusion of these classes encouraged the citizens of this State to render a patriotic service to the State and the Nation by qualifying themselves for military service. . .  Thus it ap- pears that, by the adoption of these amendments, the people considered it to be in the interest of

the public to favor the classes named, by allowing
them at the same time to hold civil offices under
the State.  The people no doubt considered, when
they adopted these amendments, that the public's
welfare would be better served by allowing these
classes to serve the State and Nation in the mili-
tary units named, while at the same time rendering
service to the State as civil officers."

It is apparent that the intent of the last sentence
of Section 33 of Article XVI of the Constitution of Texas was
merely to allow individuals who are members of the military
units named in Section 33 of Article XVI to also be able to
act as an agent, officer or appointee of the State without for-
feiting the compensation that this office or position may pro-
vide.  We are of the opinion, however, that mere membership in
one of the military units designated in Section 33 of Article
XVI would not serve as a complete removal of all the restric-
tions imposed by Section 33 of Article XVI.

While Section 33 of Article XVI would allow an indi-
vidual to serve as a member of one of the designated military
units and also draw a salary or compensation from the State,
this provision of the Constitution of Texas would not allow an
individual to serve as a member of one of the designated mili-
tary units and also draw a salary or compensation from the State,
and at the same time hold another office or position of honor,
trust or profit under the State or the United States, other than
being a member of one of the designated military units.

In the instant case there would be no conflict with
Section 33 of Article XVI for the Professor or Lecturer to re-
ceive pay from the State for their services rendered at the
University of Texas and at the same time be a member of one of
the military units designated in Section 33 of Article XVI.
However, membership in one of the designated military units
would not serve as a basis for allowing a Professor or Lecturer
who is receiving compensation from the State for services ren-
dered at the University of Texas to at the same time hold an-
other position or office of honor and trust other than as a
member of one of the designated military units.

The last sentence of Section 33 of Article XVI does
not exempt certain individuals from the provisions of Section
33 of Article XVI; it merely provides that those individuals
serving in a position of honor, trust or profit as a member of
the designated military units will be allowed to serve in such
capacity without the forfeiture of compensation from the State
if he happens to be an agent, officer, or appointee of the
State.

Honorable J. W. Edgar, page 4   (WW-1364)


As the Professor and Lecturer in the instant case are presently receiving a salary or compensation from the State, the question is raised as to whether a member of the Board of Trustees of an independent school district is holding an office or position of h onor or trust within the meaning of Section 33 of Article XVI.

In Attorney General's Opinion No. 0-2701 (1940) this office held that:

"A trustee of an independent school district is a civil officer of the State.  See Thomas, et al. vs. Abernathy County Line Independent School District, et al, 278 SW 213 (1926).

"There can be no doubt that a trustee of an independent school district holds an office of honor and trust within the meaning of Article 16, Section 33, of our State Constitution.  See Opinion No. 0-1422 of this department."

Consequently, if a Professor or Lecturer at the University of Texas serves as a member of the Board of Trustees of an independent school district, it would result, in effect, in a forfeiture of any compensation payable to the Professor or Lecturer from the State of Texas as Section 33 of Article XVI prohibits the drawing or paying of warrants from the State Treasury in favor of any person for salary or compensation as an agent, officer or appointee of the State, when such person at the same time holds another position or office of honor or trust.

The next question raised in your letter deals with whether the individuals, who have been appointed by the Board of Trustees to fill the vacancies left by the resignation of the two newly elected members of the Board of Trustees, will serve only until the next regular election.

We are uncertain as to which statutory enactment governing the activities of independent school districts that this particular district is operating under, but in such statutory provisions as Articles 2774a, 2775c, 2777d-1, 2777d-2, 2777f, 2777, 2777a, 2777b, 2777d, and 2783c, Vernon's Civil Statutes, the Legislature has specified that any vacancies filled by the Board of Trustees shall be for the unexpired term.  However, Article 2774b, Vernon's Civil Statutes, pertaining to districts of 100,000 scholastics or more and wherein there is situated a city having a population of 575,000 or more inhabitants, provides that vacancies shall be filled by an appointee until the next regular election.

Consequently, we are of the opinion that unless the independent school district in the instant case is operating pursuant to Article 2774b, the individuals appointed by the Board of Trustees to fill the vacancies upon the Board will serve for the unexpired term of the members whose vacancy is being filled.

In your letter you further requested an opinion from this office upon the following questions:

"a.  Does the Board of Trustees of an independent school district have authority legally to grant or execute a long-term (50 years) lease to a fire prevention district for the erection and use of a fire hall on its school property?

"b.  If the answer is in the affirmative, must the School Board first make a finding that such action will not endanger the health, safety or welfare of its scholastics, and that the site or area leased therefor is not needed for school district purposes; in short, that the ground is surplus property?"

The title to property of an independent school district is by law vested in the Board of Trustees of such district, and the management and control of such property is given to the Board of Trustees of such district.  Trustees of Independent School District v. Johnson County Democratic Executive Committee, 122 Tex. 48, 52 S.W.2d 71 (1932).  However, in regard to the ownership, management and control of such property, the Board of Trustees stands in the position of a trustee.  Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20 (1931).

In connection with the Board of Trustees' administration of such properties, our courts have recognized that the leasing of school property for non-school purposes may be in harmony with the purposes of the trust and may be consistent with the faithful performance of the trust provided the lease is made under conditions which prevent its interfering with the conduct of the school.

In the case of Royse Independend School District v. Reinhardt, 159 S.W. 1010 (Civ. App. 1913, error ref.) certain school property was leased to a "Booster Club" during the summer for the purpose of allowing the club to use such property as a site for baseball games.  In return for the privilege of using the property the club erected a fence enclosing the entire school grounds, and such fence was to become the property of the school district.  In holding that the Board of Trustees was authorized to enter into this lease, the Court held that:

"The contract under consideration permits the
use of the school grounds only during the period of
time intervening between the close of the school in
the spring and the beginning of the term in the fol-
lowing fall, and will result in quite a financial
advantage to the school district.  It may be true
that the use to which the grounds will be put under
the contract is not actually necessary for the pro-
motion of the school, yet, as it will not impede or
interfere with its progress, or tend to injure the
school property, and will be used at a time when the
grounds are not needed and will not be used by the
school, such use is not so inconsistent with the
purposes to which the property has been dedicated or
set apart as renders the contract permitting it il-
legal or unauthorized. . . ."

See also Attorney General's Opinion No. O-5354 (1943).

As the Board of Trustees in the instant case is aware
of the advantages to be gained by having fire protection and
first aid facilities located in close proximity to the school
facilities of the district, and in view of the language of the
Court in Royse Independent School District v. Reinhardt, supra,
we are of the opinion that the Board of Trustees could lease
certain property of the independent school district to a fire
protection district, for erection thereon of certain fire pro-
tection facilities, so long as such action does not impede or
interfere with the operation of the school.

As to the question of whether the Board of Trustees
must first make a finding that such action will not endanger
the health, safety or welfare of the students and that the area
leased is not needed for school district purposes, we are of
the opinion that these are matters which the Board of Trustees
must necessarily consider in arriving at a decision as to whether
or not the lease will be made.  It would seem to be fundamental
that the Board of Trustees would not consider executing a lease
until such time as these considerations had been favorably met.
Whether these considerations have been favorably met would depend
upon the facts in each particular case and not necessarily upon a
statement to this effect in the minutes of a meeting of the Board
of Trustees.

## SUMMARY

Section 33 of Article XVI of the Constitution of Texas would prohibit a Professor or Lecturer at the University of Texas from receiving compensation from the State for such services if at the same time such Professor or Lecturer is holding the office or position as a member of the Board of Trustees of an independent school district.

Individuals appointed by the Board of Trustees of an independent school district to fill vacancies upon the Board of Trustees serve for the remainder of the unexpired term of the vacancy which is being filled unless such independent school district operates pursuant to the provisions of Article 2774b, in which event the appointee serves only until the next regular election.

The Board of Trustees of the independent school district in the instant case and under the facts stated would have the authority to lease certain property to a fire prevention district so long as such action does not impede or interfere with the operation of the school.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Pat Bailey
Assistant

PB:wb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Morgan Nesbitt
Marvin Sentell
Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Leonard Passmore